## No. 447.

### THOMAS B. KILLGORE *v.* M. P. NICHOLSON et als.

If the Claiborne Manufacturing Company was insolvent when Nicholson, one of the defendants, obtained his judgment, which is now sought to be annulled, it does not appear that he knew it. Had he known it, there was no reason why he should not have prosecuted his claim. The board of directors had expressly authorized the president of the company to confess judgment in Nicholson's favor. This they had the authority in law to do.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble, J. Egan & Hayes*, for plaintiff and appellee. *J. & J. W. Young*, for defendant and appellant.

MORGAN, J. On the thirteenth January, 1870, Josiah Barron, as President of the Claiborne Manufacturing Company, executed his promissory note in favor of M. T. Nicholson for $684 86, payable one day after date.

In October, 1872, Nicholson instituted suit against the company to recover the amount of this note, and the president thereof, on the fifteenth October, 1872, accepted service of the petition, waived legal service, citation and time, and confessed judgment as claimed.

On the twenty-second October, 1872, judgment was rendered upon this confession in Nicholson's favor.

On the twentieth May, 1873, Killgore, the present plaintiff, alleging himself to be a stockholder in the Claiborne Manufacturing Company, and a creditor thereof, and alleging that the defendant, Nicholson, had obtained the judgment above referred to; that at the time the judgment was rendered the corporation was insolvent, to the knowledge of the president thereof, as well as to Nicholson, who is the president's

son-in-law, and who both knew that the judgment would be a legal fraud upon the plaintiff and the other creditors of the corporation, thereby giving to Nicholson a judicial mortgage and privilege over the other creditors of the corporation; alleging further that the president was entirely without authority to confess judgment and bind the corporation, and that therefore the act of the president, not being the act of the corporation, was not binding thereon; alleging further that the note sued on by Nicholson was in reality the property of Joshua Willis, the president; and finally alleging that Nicholson had issued a *fieri facias* upon his judgment, asked for and obtained an injunction prohibiting him from executing the same, and also prayed that the judgment obtained by Nicholson be declared null and void.

The injunction issued as prayed for. After hearing it was made perpetual, and the judgment was annulled. Nicholson has appealed.

The evidence does not, in our opinion, sustain the judgment. If the company was insolvent when Nicholson obtained his judgment, it does not appear that he knew it. Even if he had known it, there was no reason why he should not have prosecuted his claim. There is no evidence that the president of the company was the true plaintiff in the case, and the board of directors expressly authorized him to confess judgment in Nicholson's favor. This they had the authority in law to do.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that the injunction herein granted be dissolved, the costs to be paid by appellees.